IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

CLAUDIA ALINE HARRELL                                              PLAINTIFF

vs.                                                CIVIL ACTION NO. 2:11CV231-SAA

MICHAEL ASTRUE,
Commissioner of Social Security                                    DEFENDANT

## MEMORANDUM OPINION

This case involves an application under 42 U.S.C. § 405(g) for judicial review of the decision of the Commissioner of Social Security denying the application of plaintiff Claudia Aline Harrell for a period of disability and disability insurance benefits (DIB) under Section 216(I) and 223 of the Social Security Act and for supplemental security income payments under Section 1614(a)(3) of the Act. Plaintiff protectively applied for disability insurance benefits on August 26, 2009 and for SSI on August 31, 2009, alleging that she became disabled on November 16, 2006. Docket 11, p. 118-24. The plaintiff's claim was denied initially and on reconsideration. *Id.* at 60-80. Plaintiff timely requested a hearing, which was held on July 12, 2001. *Id.* at 30-59. The ALJ issued an unfavorable decision on August 5, 2001. *Id.* at 14-25. Plaintiff requested and was denied review by the Appeals Council via letter on October 28, 2001. *Id.* at 5-8. The plaintiff timely filed the instant appeal from the Commissioner's most recent decision, and it is now ripe for review. In accordance with the provisions of 28 U.S.C. § 636(c), both parties have consented to have a magistrate judge conduct all the proceedings in this case, the undersigned therefore has the authority to issue this opinion and the accompanying final judgment.

# I. FACTS

The plaintiff was born on October 25, 1958, and was 48 years old at the time of her onset date. Docket 11, p. 133. She has a high school education, and her past relevant work was as an order filler, sales route driver, retail store manager, and a conveyer tender. *Id.* at 24, 139, 143. She contends that she became disabled on November 16, 2006 as a result of bipolar disorder, fibromyalgia, arthritis, diabetes, elevated thyroid and depression. *Id.* at 138.

The ALJ determined that the plaintiff suffered from "severe" impairments including osteoarthritis, mood disorder, generalized anxiety disorder, fibromyalgia, diabetes mellitus, and degenerative disc disease, but that these impairments did not meet or equal a listed impairment in 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.09 (2003). Docket 11, p. 16-19. The ALJ found that the plaintiff retains the Residual Functional Capacity (RFC) to

> occasionally lift or carry twenty pounds, frequently ten pounds; and sit for six hours out of an eight-hour day. . . . The [plaintiff] retains the ability to perform simple routine repetitive tasks; to maintain attention and concentration for two-hour periods; and to adapt to routine and infrequent workplace changes. The claimant will work best in relative isolation; may have only occasional interaction with coworkers and supervisors; and can perform jobs that do not require interaction with the general public.

*Id.* at 19-20. In light of testimony by a vocational expert [VE] at the hearing, the ALJ found plaintiff capable of performing her past relevant work as an order filler and sales route driver and also determined that other jobs that exist in significant numbers in the national economy that plaintiff can perform. *Id.* at 24-25. Therefore, the ALJ found plaintiff not disabled under the Social Security Act. *Id.* at 25.

Plaintiff claims the the ALJ erred in that she did not properly consider the opinions of both physical consultative examiners, did not accord proper weight to the opinions of the plaintiff's treating physician, improperly determined that plaintiff could return to her past work and improperly made medical determinations. Because the undersigned is of the opinion that the ALJ did not properly evaluate and weigh the opinions of the plaintiff's treating physician, therefore rendering her opinion unsupported by substantial evidence, the court will not address the remaining issues.

## II. STANDARD OF REVIEW

In determining disability, the Commissioner, through the ALJ, works through a five-step sequential evaluation process.[1] The burden rests upon plaintiff throughout the first four steps of this five-step process to prove disability, and if plaintiff is successful in sustaining her burden at each of the first four levels, then the burden shifts to the Commissioner at step five.[2] First, plaintiff must prove she is not currently engaged in substantial gainful activity.[3] Second, plaintiff must prove her impairment is "severe" in that it "significantly limits [her] physical or mental ability to do basic work activities . . . ."[4] At step three the ALJ must conclude plaintiff is disabled if she proves that her impairments meet or are medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.09 (2010).[5] If plaintiff

---

[1] *See* 20 C.F.R. §§ 404.1520, 416.920 (2010).

[2] *Crowley v. Apfel,* 197 F.3d 194, 198 (5th Cir. 1999).

[3] 20 C.F.R. §§ 404.1520(b), 416.920(b) (2010).

[4] 20 C.F.R. §§ 404.1520©, 416.920© (2010).

[5] 20 C.F.R. §§ 404.1520(d), 416.920(d) (2010). If a claimant's impairment meets certain criteria, that claimant's impairments are "severe enough to prevent a person from doing any

does not meet this burden, at step four she must prove that she is incapable of meeting the physical and mental demands of her past relevant work.[6] At step five, the burden shifts to the Commissioner to prove, considering plaintiff's residual functional capacity, age, education and past work experience, that she is capable of performing other work.[7] If the Commissioner proves other work exists which plaintiff can perform, plaintiff is given the chance to prove that she cannot, in fact, perform that work.[8]

The court considers on appeal whether the Commissioner's final decision is supported by substantial evidence and whether the Commissioner used the correct legal standard. *Crowley v. Apfel,* 197 F.3d 194, 196 (5th Cir. 1999); citing *Austin v. Shalala*, 994 F.2d 1170 (5th Cir. 1993); *Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir. 1990). The court has the responsibility to scrutinize the entire record to determine whether the ALJ's decision was supported by substantial evidence and whether the proper legal standards were applied in reviewing the claim. *Ransom v. Heckler*, 715 F.2d 989, 992 (5th Cir. 1983). The court has limited power of review and may not reweigh the evidence or substitute its judgment for that of the Commissioner,[9] even if it finds that the evidence leans against the Commissioner's decision.[10] The Fifth Circuit has held that substantial evidence is "more than a scintilla, less than a preponderance, and is such

---

gainful activity." 20 C.F.R. § 416.925 (2003).

[6]20 C.F.R. §§ 404.1520(e), 416.920(e) (2010).

[7]20 C.F.R §§ 404.1520(g), 416.920(g) (2010).

[8]*Muse*, 925 F.2d at 789.

[9]*Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

[10]*Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

relevant evidence as a reasonable mind might accept as adequate to support a conclusion."
*Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999) (citation omitted). Conflicts in the evidence are for the Commissioner to decide, and if there is substantial evidence to support the decision, it must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The court's inquiry is whether the record, as a whole, provides sufficient evidence that would allow a reasonable mind to accept the conclusions of the ALJ. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed." *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir. 1994), citing *Richardson v. Perales,* 402 U.S. 389, 390, 28 L.Ed.2d 842 (1971).

### III. DISCUSSION

Plaintiff contends on appeal that the ALJ's failure to accord proper weight to the opinions of her treating physician caused the ALJ to reach an RFC finding that is not supported by substantial evidence. Docket 12, p. 4. Dr. Steven Rice had been the plaintiff's treating physician for six to seven months on the date of the hearing and she had been treated by other physicians in the same office for at least two years before that. Docket 11, p. 39-46. The ALJ gave Dr. Rice's opinion no weight because it "appears to be internally inconsistent, to heavily rely on the claimant's subjective complaints, and contradicts the other objective medical record evidence." Docket 11, p. 21. The Secretary responds that the ALJ provided good cause for discounting Dr. Rice's opinion. Docket 12, p. 11.

The ALJ's **only** discussion of Dr. Rice's opinion is contained in seven sentences of her written decision:

> Office treatment notes reflect the claimant reported that an increase
> in Ritalin had really helped her. She reported occasional panic

5

> attacks, but reported that they were mainly realized if she was in public, but stated that she was otherwise doing really well, and that her mood swings were finally under control. She also reported that her mood swings did not limit activities. During a subsequent visit, she reported a decrease in the depression symptoms. (Exhibit 17F). . . .
>
> The undersigned has considered the medical source statement submitted by treating physician, Dr. Steven Rice. However, Dr. Rice's opinion appears to be internally inconsistent, to heavily rely on the claimant's subjective complaints, and contradicts the other objective medical record evidence (Exhibits 17F and 18F). Accordingly, the undersigned accords Dr. Rice's opinion no weight.

Docket 11, p. 21. The ALJ did not identify any internal inconsistencies in Dr. Rice's opinion, any details of where in his record Dr. Rice relied too heavily on plaintiff's subjective complaints or where and how his opinions contradict the other objective medical record evidence. There is absolutely no further discussion of Dr. Rice's opinion or either his treatment records for plaintiff or treatment records of any of the other physicians in his practice group who have treated the plaintiff in their private practice and while she was hospitalized. There is no evidence that the ALJ considered any of the required factors contained 20 C.F.R. 404.1527(d)(2). The ALJ does not mention how long plaintiff was treated by Dr. Rice, the frequency of his examinations, the nature and extent of the treatment relationship, the support of the physician's opinion afforded by the medical evidence of record, the consistency of the opinion with the record as a whole, or Dr. Rice's specialization. In fact, when discussing Dr. Rice's medical records, the ALJ did not even use the physician's name. The only time his name appears in the ALJ's opinion is in the three sentences in which the ALJ indicates she has considered his medical source statement, but afforded it no weight. Docket 11, p. 21.

In contrast, the ALJ thoroughly discussed the opinion of consulting psychologist Sarah

Bennett Lau – who saw plaintiff for approximately 15 minutes – and accorded her opinion substantial weight. Docket 11, p. 21. Similarly, the ALJ thoroughly discussed the opinions of Dr. Jerry Lee Surber, a consultative examiner who saw plaintiff on October 29, 2009, almost two years before the ALJ's decision, and afforded it some weight. *Id.* at 22. The ALJ also detailed the opinions of Dr. Bruce Randolph, another consultative examiner, and afforded it some weight. *Id.* at 23. Finally, she discussed the opinions of the DDS consultants, Drs. Joslin and Robertson, and while noting that they were non-examining, still afforded their opinions some weight. *Id.* at 23. Based upon the undersigned's review of the ALJ's opinion, it is obvious that the ALJ spent far more time considering the opinions of consulting examiners and state agency consultants than she did the treating physicians' records of their actual treatment of the plaintiff.

For an ALJ properly to afford lesser weight, or no weight in this case, to the treating physician's medical opinions he must "perform a detailed analysis of the treating physician's views under the criteria set forth in 20 C.F.R. § 404.1527(d)(2)." *Newton v. Apfel*, 209 F.3d 448, 453 (5th Cir. 2000). Because the ALJ did not follow these criteria, says plaintiff, her refusal to afford controlling weight to Dr. Rice's opinions was error as a matter of law. The Commissioner argues that the "ALJ may diminish its weight relative to other experts where the treating physician's opinion is unsupported by medically acceptable clinical, laboratory, or diagnostic techniques . . . ." Docket 18, p. 20.

Reading the record as a whole, the undersigned is of the opinion that the ALJ's opinion is unsupported by substantial evidence and should be remanded for further consideration. An ALJ has a duty to contact a treating physician or other medical sources "[w]hen the evidence . . . receive[d] from [a] treating physician . . . is inadequate . . . to determine whether [a claimant] is

7

disabled." 20 C.F.R. §§ 404.1512(e), 416.912(e). These regulations further provide "additional evidence or clarification *will* be sought" [emphasis added by the court] "when the report from [a] medical source contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. §§ 404.1512(2)(1), 416.912(e)(1). Additionally, "[a]n 'ALJ must consider all the record evidence and cannot 'pick and choose' only the evidence that supports his position.'" *Morgan v. Astrue*, 2010 WL 2697170, *8 (N.D.Tex. July 7, 2010), citing *Loz v. Apfel*, 219 F.3d 378,393 (5th Cir. 2000).

A treating physician such as Dr. Rice, who has seen the plaintiff regularly, has a unique perspective regarding the plaintiff's abilities, limitations, medical history and diagnosis. There is no evidence in the record that the ALJ made any attempt to contact Dr. Rice for clarification of the inconsistencies in his records or to obtain additional information concerning plaintiff's impairments. It may be that there is substantial evidence to deny the plaintiff's claims, but it is unclear to the court whether the ALJ considered all of the necessary factors before declining to afford Dr. Rice's opinion any weight at all, much less controlling weight, and giving the most weight to the opinion of a psychologist that only saw plaintiff for 15 minutes. Further, it is clear that additional development of the record, specifically in the form of additional opinions from the treating physician, would have been obtained easily, and probably helpful, had the ALJ sought such information.

In light of this failure, the undersigned is of the opinion that the decision of the Commissioner was not supported by substantial evidence and should be remanded for further proceedings consistent with this opinion.

## IV.  PLAINTIFF'S REMAINING ARGUMENTS

This action is hereby remanded to the ALJ for (1) further evaluation of plaintiff's subjective complaints, including providing the proper rationale to evaluate her symptoms, and clarification of plaintiff's physical limitations in order to properly question a VE and reach an RFC based upon the facts of the record, (2) further consideration to plaintiff's treating physician, including re-contacting the physician to provide additional evidence and clarify any discrepancies in the record, and (3) further evaluation of plaintiff's ability to work based upon the proper evaluation of plaintiff's complaints and proper evaluation of the treating physician's opinion, including supplemental evidence from a VE if necessary.  Because this action is being remanded to the ALJ for further evaluation of the treating physician's records and opinions and for analysis to be conducted in accordance with *Newton* and applicable sections, the court need not address the merits of the plaintiff's remaining arguments at this time.

Respectfully submitted, this the 24th day of August, 2012.

       /s/ S. Allan Alexander  
UNITED STATES MAGISTRATE JUDGE